IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

PAULETTE HOLMES, )
)
    Plaintiff, )
)
v. ) CIV. CASE NO. 3:21-cv-578-ECM
) (WO)
FRESENIUS KIDNEY CARE )
OF TUSKEGEE, )
)
    Defendant. )

## MEMORANDUM OPINION and ORDER

## I.  INTRODUCTION

Now pending before the Court is the Plaintiffs' Motion for Reconsideration of the Court's Memorandum Opinion and Order of Dismissal of the Case of Steven Holmes and Motion for Extension of Time to Appeal Said Order (doc. 45), filed on January 3, 2023. Steven Holmes ("Mr. Holmes"), Paulette Holmes, and Paulette Holmes as Personal Representative of the Estate of Steven Holmes (collectively, "Plaintiffs") requests the Court to alter its December 9, 2022, Memorandum Opinion and Order dismissing Mr. Holmes' claims from the case and denying their motion for extension of time to substitute a party. (Doc. 43).  The Court found that the Plaintiffs failed to demonstrate excusable neglect for not timely moving to substitute the deceased Mr. Holmes with a proper plaintiff under Federal Rule of Civil Procedure 25.  Because the Plaintiffs failed to show excusable neglect, the Court did not extend the substitution deadline and dismissed Mr. Holmes' claims from the case pursuant to Rule 25(a)(1).  Having carefully reviewed the

motion, briefs, and accompanying law, the Court finds that the Plaintiffs' motion for reconsideration is due to be DENIED.

## II.  STANDARD

An order dismiss one parties' claims pursuant to Rule 25(a)(1), where another plaintiff's claims remain, is an interlocutory—i.e., nonfinal—order. *Cf. Tufts v. Hay*, 977 F.3d 1204, 1210 (11th Cir. 2020).  Although the Federal Rules of Civil Procedure do not identify means by which a party can object to an interlocutory order, Rule 54(b) provides:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Furthermore, a district court has broad and "plenary power" over its interlocutory orders, and "may therefore reconsider, revise, alter or amend that order at any time prior to final judgment." *Hardin v. Hayes*, 52 F.3d 934, 938 (11th Cir. 1995) (quotations and citation omitted).  The Court, therefore, maintains the power to reconsider its interlocutory order dismissing a party under Rule 25(a)(1).

Any "reconsideration of an order is an extraordinary remedy and is employed sparingly." *Hadley v. Coffee Cnty. Comm'n*, 2022 WL 2057762, at *2 (M.D. Ala. June 7, 2022) (citations omitted).  Although the Court on a motion to reconsider an interlocutory order need not adhere to the strict "standard applicable to a motion to reconsider a final judgment under Rule 59(e)," *Barbour v. Hamm*, 2022 WL 3570327, at *1 n.4 (M.D. Ala. Aug. 18, 2022), courts in this Circuit have turned to that standard for guidance in reconsideration. *See, e.g.*, *Rudd v. Branch Banking & Tr. Co.*, 2020 WL 13348116, at *4

(N.D. Ala. Dec. 2, 2020); *United States ex rel. Carver v. Physicians' Pain Specialists of Ala., P.C.*, 2018 WL 1612842, at *3 (S.D. Ala. Apr. 2, 2018) (noting the standard governing a motion to reconsider an interlocutory order remains substantially the same as standard governing Rule 59(e) motion)).  Generally, relief is available under Rule 59(e) when there has been (1) a manifest error of law, (2) manifest error of fact, or (3) newly-discovered evidence. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).  A Rule 59(e) motion, however, cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

### III.  DISCUSSION

The Plaintiffs are attempting to relitigate already decided matters in a motion for reconsideration.  They point to no change in the law, no new evidence, and no clear error that would necessitate the Court reconsidering its earlier order.  Instead, they argue that dismissal of the untimely substituted party's claims was too drastic and severe because there was no sign of bad faith and the true delay in litigating this case was caused by Mr. Holmes' death, not action or inaction by the Plaintiffs' counsel.

Their motion, however, does not provide a basis on which the Court can reconsider its order.  The Court denied the Plaintiffs' motion to extend the deadline to substitute Mr. Holmes with his estate because the motion was filed after the strict deadline set by Rule 25(a)(1) for substitution of a deceased party.  The Court found no excusable neglect for this delay or for the Plaintiffs' failure to move for an extension of time when it became apparent the state court could not establish the estate before the

deadline passed.   The Plaintiffs' argument now simply disagrees with the Court's excusable neglect analysis.  Such legal dispute—based on no new evidence, no change in the law, and no clear error—does not justify granting a motion to reconsider. *See Michael Linet, Inc.*, 408 F.3d at 763.

As discussed in its previous order, the Plaintiffs had until October 5, 2022, to substitute the deceased Mr. Holmes according to Rule 25(a)(1).   Due to the events outlined both in their *untimely* motion to extend this deadline and their motion for reconsideration, the Plaintiffs did not move for an extension until November 10, 2022. At that point, the Plaintiffs must demonstrate that the untimeliness was due to excusable neglect. *See Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1011 (11th Cir. 2017).   A determination of "excusable neglect" under Rule 6(b) must take into account "all relevant circumstances surrounding the party's omission," including:

> (1) the danger of prejudice to the [nonmovant];
> (2) the length of the delay and its potential impact on judicial proceedings;
> (3) the reason for the delay, including whether it was within the reasonable control of the movant; and
> (4) whether the movant acted in good faith.

*Carruth v. Smyth*, 2018 WL 804272, at *4 (N.D. Ala. Feb. 9, 2018) (citing *Pioneer Inv. Servs.*, 507 U.S. at 392); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998) (relying on *Pioneer Investment Services*' excusable neglect standard to analyze untimely motions for extension of time under Rule 6(b)).

The Court analyzed these excusable neglect factors, taking into account the case's procedural circumstances again recited in the Plaintiffs' motion to reconsider.  Now the Plaintiffs ask the Court to reconsider this analysis based on the same factors and

procedural circumstances it considered in its original analysis.  The Plaintiffs do not point

to previously unknown factors that the Court failed to consider, nor any newly developed

or clear law that the Court failed to consider.  Rather, the Plaintiffs seek another chance

to litigate the arguments made in its original untimely motion to substitute because

(1) "Plaintiffs have behaved in good faith"; (2) "the true delay in this litigation was not

caused by the . . . Plaintiffs' counsel, but, instead, was the natural result of Mr. Holmes'

death"; and (3) "[d]ismissal is a drastic and severe sanction" because this case involves

the dismissal of a plaintiff, not a defendant. (Doc. 45 at 10, 14).  However, these reasons

are not grounds to reconsider the Court's order denying Mr. Holmes' substitution as

untimely under Rule 25(a)(1); moreover, they do not identify any excusable neglect.

The Eleventh Circuit recently published a decision with similar analysis.  In *Silas*

*v. Sheriff of Broward County, Florida*, the Circuit held a plaintiff's failure to meet her

Rule 25 deadline was inexcusable. 55 F.4th 872, 877 (11th Cir. 2022).  Notwithstanding

her awareness of the Rule 25 ninety-day deadline, the plaintiff failed to move to

substitute for the deceased party before that deadline. *Id.*  The court held her neglect of

this deadline was inexcusable because she simply "fail[ed] to abide by a clear legal

deadline [based on] inadvertence and ignorance of the rules." *Id.*  The Circuit took issue

with the fact that the plaintiff "could have sought more time to file her motion for

substitution in the event the state court failed to appoint an administrator of the estate

before the 90-day window expired.  But [she] never did so." *Id.* (citation omitted).

Rather than demonstrating excusable neglect, her disregard for the ninety-day deadline

illustrated a misunderstanding of the "clear import of Rule 25." *Silas*, 55 F.4th at 878.

Furthermore, the Circuit noted that "the text of Rule 25 does not distinguish between plaintiffs and defendants." *Id.* at 877.

*Silas* both buttresses this Court's order denying Mr. Holmes' substitution and contradicts the Plaintiffs' arguments for reconsideration. The Plaintiffs' motion to reconsider lists the very factors considered in this Court's original order and similar factors at play in the *Silas* decision: Plaintiffs' counsel was aware of his ninety-day deadline to substitute; counsel did not substitute before the deadline because he and the attorney assigned to establish Mr. Holmes' estate were unaware of a procedural requirement at the probate court; counsel admitted he knew of the delay but "did not think to file the Motion for Extension of Time with an explanation to the Court concerning" the delay. (Doc. 56 at 13); *see Silas*, 55 F.4th at 877–78. The Plaintiffs have not provided grounds on which either their failure to meet the strict Rule 25 deadline or their failure to move for an extension thereof were due to excusable neglect. A motion to reconsider is not the proper vehicle through which the Plaintiffs can rehash previously made legal arguments. *See Michael Linet, Inc.*, 408 F.3d at 763.

Accordingly, and for good cause, it is

ORDERED that the Plaintiffs' Motion for Reconsideration of the Court's Memorandum Opinion and Order of Dismissal of the Case of Steven Holmes and Motion for Extension of Time to Appeal Said Order (doc. 45) is DENIED.

Done this 8th day of March, 2023.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE
